IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIANE SMITH, <br>  O/B/O CUVANTE CRAWFORD, <br>    PLAINTIFF, <br><br> V. <br><br> COMMISSIONER OF THE <br> SOCIAL SECURITY ADMINISTRATION, <br>    DEFENDANT. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO. 3:21-CV-868-B-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this appeal from the denial of Social Security disability benefits, Diane Smith ("Smith") filed and signed a *pro se* complaint "for" her adult son, Cuvante Crawford ("Crawford"). Doc. 3. The complaint was automatically referred to the undersigned United States magistrate judge for screening and case management. 28 U.S.C. 636(b); Special Order 3; Doc. 1. Before the Court is *Defendant's Motion to Dismiss for Failure to Comply with Federal Rule of Civil Procedure 11(a) and 28 U.S.C. § 1654*. Doc. 8. For the reasons that follow, the motion should be **GRANTED**, and this action **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, filed the instant motion on August 13, 2021, seeking dismissal of this suit for Crawford's failure to personally sign his complaint and prosecute his claims, as required by Federal Rule of Civil Procedure 11(a) and 28 U.S.C. § 1654. Doc. 8 at 1. Crawford was required to file a response by September 3, 2021, if he opposed the relief requested, but failed to do so. *See* N.D. Tex. L. Civ. R. 7.1(e) (establishing a deadline of 21 days to file response and brief to opposed motion).

The Court subsequently issued a deficiency notice advising Crawford that his mother, who is not an attorney, could not bring this civil action on his behalf. Doc. 10 at 2. The Court also ordered Crawford to submit an amended complaint signed by himself or a licensed attorney on his behalf, along with the filing fee or a motion to proceed *in forma pauperis*, by November 8, 2021. Doc. 10 at 2. As of the date of this recommendation, however, Crawford has not responded to the Court's deficiency order, nor has he sought an extension of time to do so.

## II. ANALYSIS

Federal litigants may "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. "Section 1654 recognizes an individual's general right to proceed *pro se* with respect to his own claims or claims against him personally but does not authorize unlicensed lay persons to represent anyone other than themselves." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425-L, 2014 WL 4755485, at *2 (N.D. Tex. Sept. 24, 2014) (Lindsay, J.) (citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)). Additionally, Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)).

Here, Crawford has had ample opportunity to respond to the Court's deficiency order but has impliedly refused or declined to do so. Accordingly, this action should be dismissed without prejudice for want of prosecution and failure to comply with a court order and federal rules of procedure. *See* FED. R. CIV. P. 41(b) (stating an involuntary dismissal "operates as an adjudication on the merits" unless otherwise specified).

### III. CONCLUSION

For the foregoing reasons, *Defendant's Motion to Dismiss for Failure to Comply with Federal Rule of Civil Procedure 11(a) and 28 U.S.C. § 1654*, Doc. 8, should be **GRANTED**. This case should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on November 30, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).